**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JASON HUGHES, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CIVIL ACTION NO. 09-cv-04734 |
| HURON CONSULTING GROUP INC., GARY E. HOLDREN and GARY L. BURGE, | ) ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| DOROTHY DeANGELIS, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CIVIL ACTION NO. 09-cv-04766 |
| HURON CONSULTING GROUP INC., GARY E. HOLDREN, GARY L. BURGE, WAYNE LIPSKI and PRICEWATERHOUSECOOPERS LLP, | ) ) ) ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| NOEL M. PARSONS, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CIVIL ACTION NO. 09-cv-04791 |
| HURON CONSULTING GROUP INC., GARY E. HOLDREN, GARY L. BURGE, WAYNE LIPSKI and PRICEWATERHOUSECOOPERS LLP, | ) ) ) ) ) | |
| Defendants. | ) ) | |

|  |  |
|---|---|
| ADAM LIEBMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>          vs.<br><br>HURON CONSULTING GROUP INC., GARY E. HOLDREN, GARY L. BURGE and WAYNE LIPSKI,<br><br>                              Defendants. | CIVIL ACTION NO. 09-cv-04799 |
| GARY AUSTIN, Individually and on behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>          vs.<br><br>HURON CONSULTING GROUP, INC., GARY E. HOLDREN, GARY L. BURGE and WAYNE LIPSKI,<br><br>                              Defendants. | CIVIL ACTION NO. 09-cv-04842 |
| GERALD TOBIN, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiffs,<br><br>          vs.<br><br>HURON CONSULTING GROUP, INC., GARY E. HOLDREN, GARY L. BURGE and PRICEWATERHOUSE COOPERS LLP<br><br>                              Defendants. | CIVIL ACTION NO. 09-cv-04859 |

|  |  |
|---|---|
| THOMAS FISHER, Individually and On Behalf of All Others Similarly Situated,<br><br>                                        Plaintiff<br><br>        vs.<br><br>HURON CONSULTING GROUP INC., GARY E. HOLDREN, GARY L. BURGE, WAYNE LIPSKI and PRICEWATERHOUSECOOPERS LLP,<br><br>                                        Defendants. | CIVIL ACTION NO. 09-cv-05475 |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE INTER-LOCAL PENSION FUND OF THE GRAPHIC COMMUNICATIONS CONFERENCE OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**

## PRELIMINARY STATEMENT

Presently pending before this Court are seven securities class action lawsuits (the "Actions") brought on behalf of all purchasers of the common stock of Huron Consulting Group Inc. ("Huron" or the "Company") between April 27, 2006 and July 31, 2009, inclusive (the "Class Period"). The Actions allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and the Securities Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5), against Defendants Huron, Gary E. Holdren, Gary L. Burge, Wayne Lipski and PricewaterhouseCoopers LLP.[1]

Pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), Movant, the Inter-Local Pension Fund of the Graphic Communications Conference of the International Brotherhood of Teamsters ("Movant" or the "Inter-Local Pension Fund"), respectfully submits this memorandum of law in support of its motion to: (1) consolidate the Actions and any other related actions which may be pending in this Court and any subsequently filed or transferred action; (2) appoint the Inter-Local Pension Fund as Lead Plaintiff; and (3) approve the Inter-Local Pension Fund's selection of the law firm of Spector Roseman Kodroff & Willis, P.C. ("SRKW") as Lead Counsel for the putative class and the law firm of Jonathan Nachsin, P.C. as Liaison Counsel.

Having suffered losses totaling approximately $170,151.17 – which, to the best of its knowledge, constitutes the largest losses suffered by any class member movants – as a result of its investments in Huron common stock during the Class Period, the Inter-Local Pension Fund believes it is the "most adequate plaintiff" as defined by the PSLRA, and thus should be

---

[1] Although some of the Actions fail to name Wayne Lipski and/or PricewaterhouseCoopers, LLP as defendants, the Inter-Local Pension Fund's motion includes a comprehensive list of all defendants against whom actions have been filed.

appointed Lead Plaintiff in the consolidated action.  15 U.S.C. §78u-4(a)(3)(B).  The Inter-Local Pension Fund is precisely the type of sophisticated institutional investor that the PSLRA contemplates as the lead plaintiff appointed to represent the interests of all class members in securities class action litigation.  Furthermore, the Inter-Local Pension Fund has submitted a sworn certification attesting to its desire to serve as Lead Plaintiff in the consolidated action, and further demonstrating its understanding of the attendant duties and obligations of serving as such. *See* Declaration of Mark S. Willis ("Willis Decl."), Exhibit B.

As discussed herein, in addition to having the largest financial interest in the outcome of this litigation, the Inter-Local Pension Fund satisfies each of the requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and as such, is presumptively the "most adequate plaintiff" and clearly deserving of appointment as Lead Plaintiff in the Actions. Likewise, its selection of lead and liaison counsel should be approved.

<u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Huron, headquartered in Chicago, is a provider of legal and financial consulting services. It was founded in 2002, by former partners of Arthur Andersen LLP, the accounting firm that collapsed in connection with its involvement in the infamous accounting scandal at Enron Corporation.  Between 2006 and 2008, Huron acquired several related businesses to expand its consulting capabilities.  However, throughout the Class Period, the Company improperly accounted for certain acquisition-related costs, which caused Huron to overestimate its goodwill and underestimate compensation expenses in violation of Generally Accepted Accounting Principles ("GAAP").  As a result, the Company's stock traded at artificially inflated prices during the Class Period.

On July 31, 2009, Huron unexpectedly disclosed that it would be restating its financial results for 2006, 2007, 2008, and the first three months of 2009, due to its failure to properly account for earn-out payments made in connection with four of its acquisitions. As a result of the restatement, Huron announced that it expected to **_dramatically reduce its reported revenue for this period by a staggering 48%_** – from $120 million on an aggregate basis to $63 million.[2]

Huron then withdrew its 2009 earnings guidance, lowered its 2009 revenue guidance, and provided preliminary second-quarter revenue below analysts' expectations. Huron also announced that Defendant Gary E. Holdren, its Chairman and Chief Executive Officer ("CEO"), Defendant Gary L. Burge, its Chief Financial Officer ("CFO"), and Defendant Wayne Lipski, its Chief Accounting Officer ("CAO"), had all resigned. On this news, Huron's stock collapsed, falling from $30.66 per share to a closing price of $13.69 per share on August 3, 2009, the first trading day after the announcement of the restatement. This constituted **_a one day decline of more than 69%_** on volume of approximately 32 million shares. On August 17, 2009, Huron's admonition came to light when it filed its amended financial results, confirming a reduction of approximately $56 million in its net income for the restated period. Huron also recently revealed that the SEC has commenced an investigation with respect to the circumstances that led to the restatement, which delayed the Company from filing its latest quarterly report.

Class action lawsuits were subsequently filed in this District against Huron, several of its officers and directors, and PricewaterhouseCoopers LLP ("PwC"), which served as the Company's auditor (collectively, "Defendants"), on behalf of investors who purchased or otherwise acquired the Company's common stock during the Class Period. The complaints allege that the Defendants disseminated various documents, including press releases and filings

---

[2] In July, the Company further announced that it was conducting a separate investigation into its allocation of chargeable hours in response to an inquiry from the Securities and Exchange Commission ("SEC").

with the SEC, which contained false and misleading information about the Company's finances and future prospects in violation of the Exchange Act.

The Inter-Local Pension Fund now timely files this motion, within sixty (60) days after the first publication of notice of a lawsuit, as prescribed by the PSLRA.  15 U.S.C. §78u-4(a)(3)(A)(i).[3]

## ARGUMENT

### I.    The Actions Should Be Consolidated For All Purposes

Consolidation is appropriate where there are multiple actions involving common questions of law or fact.  *See* Fed. R. Civ. P. 42(a); *Taubenfeld v. Career Education Corporation*, 2004 WL 554810, *1 (N.D. Ill. March 19, 2004) (finding consolidation proper where cases asserted similar claims for relief); *Mayo v. Apropos Tech., Inc.*, No. 01 C 8406, 2002 WL 193393, *2 (N.D. Ill. Feb. 7, 2002) (consolidating related cases for pre-trial purposes where cases involved central issues of fact and law, and questions were complex and numerous and would be served by resolution through a common hearing).

Here, the Actions involve essentially the same claims, principally related to Huron's improper accounting for certain acquisition-related costs, which caused the Company to overestimate its goodwill and underestimate compensation expenses during the Class Period in violation of GAAP.  The Actions name substantially the same defendants, i.e. Huron, the officers and directors of Huron and Huron's outside auditor, and involve the same factual and legal issues.  Each of the Actions is brought by shareholders of Huron during substantially the same Class Period who were injured by Defendants' fraud that was perpetrated through the issuance of

---

[3] The first securities class action against defendants, styled *Jason Hughes v. Huron Consulting Group Inc., Gary E. Holdren, and Gary L. Burge*, No. 09-CV-4734, was filed on August 4, 2009.  That same day, counsel in that action published a notice on *Business Wire*.  *See* Willis Decl., Exhibit A.

materially false and misleading statements in violation of the Exchange Act.  Accordingly, the Actions clearly meet the standard set forth in Rule 42(a) and should be consolidated.

## II.    The Inter-Local Pension Fund Should Be Appointed Lead Plaintiff

### 1.    The Procedural Requirements of the PSLRA

The PSLRA sets forth a detailed procedure that governs the selection of a lead plaintiff to oversee "each private action arising under this [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1).

*First*, the PSLRA instructs that the plaintiff who files the initial complaint in an action must publish notice to the class not later than twenty (20) days after the date on which the complaint was filed, informing the class of the claims asserted in the action and the purported class period, and notifying them of their right to file a motion to be appointed lead plaintiff in the action.  15 U.S.C. §78u-4(a)(3)(A).  Within sixty (60) days of publication of the required notice, any member or members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  15 U.S.C. §78u-4(a)(3)(A)-(B).

The first notice of the pendency of a class action in these Actions was published August 4, 2009 on *Business Wire*, a "widely circulated national business-oriented publication or wire service."  15 U.S.C. §78u-4(a)(3)(A)(i); *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *1 (N.D. Ill. Aug. 11, 1997) (noting publication of notice of pendency through *Business Wire* was in compliance with requirements of the Exchange Act).  *See* Willis Decl., Exhibit A.  The notice indicated that Class Members who sought to move for appointment as lead plaintiff in these Actions must do so no later than sixty (60) days after August 4, 2009.

The Inter-Local Pension Fund has timely submitted the instant application within this prescribed period.

*Second*, the PSLRA provides that within ninety (90) days after publication of the notice of pendency, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the movant or movants that the court determines to be the most capable of adequately representing the class members' interests. 15 U.S.C. §78u-4(a)(3)(B)(i). In determining which movant or movants are the "most adequate plaintiff," the PSLRA instructs that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that--
>
> > (aa) has either filed the complaint or made a motion in response to a notice . . .
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [instructing on class actions].

15 U.S.C. §78u-4(a)(3)(B)(iii); *Johnson v. Tellabs, Inc.*, 214 F.R.D. 225, 227-228 (N.D. Ill. 2002); *Mayo*, 2002 WL 193393, at **3-4.

As discussed below, the Inter-Local Pension Fund has the largest financial interest in the relief sought by the class and otherwise satisfies Rule 23.

2.     **The Inter-Local Pension Fund is the "Most Adequate Plaintiff" under the PSLRA**

   a.     **The Inter-Local Pension Fund Made a Timely Motion for Appointment as Lead Plaintiff**

As referenced above, the time period in which a class member may move to be appointed lead plaintiff in the instant Actions expires on October 5, 2009, sixty (60) days from the day on which notice of pendency was first published.  15 U.S.C. §78u-4(a)(3)(A)(i).  Pursuant to the provisions of the PSLRA and within the requisite time frame, the Inter-Local Pension Fund timely moves this Court to be appointed lead plaintiff on behalf of all plaintiffs and class members in the Actions, as well as any other actions deemed to be related by this Court.  A movant need not have filed a complaint.  15 U.S.C. §78u-4(a)(3)(A)-(B).

   b.     **The Inter-Local Pension Fund Has the Largest Financial Interest**

The Movant's certification submitted herewith, indicates, among other things, the Inter-Local Pension Fund's transactions in Huron shares during the Class Period, which resulted in a loss of approximately $170,151.17 during the Class Period.  *See* Willis Decl., Exhibit B.  As of the date of this filing, the Inter-Local Pension Fund is aware of no other class member movant whose losses exceed that of itself, and thus believes that it has suffered the greatest financial loss of any movant seeking to be appointed lead plaintiff in the Actions.  The Inter-Local Pension Fund therefore has the "largest financial interest in the relief sought by the class," as required under 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).  *See In re Bally Total Fitness Securities Litigation*, 2005 WL 627960, at *5 (N.D. Ill. March 15, 2005) (institutional investor claiming greatest losses therefore had the largest financial interest).

Courts have noted that four factors are relevant to the manner in which the "largest financial interest" is determined under the statute:

> (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs.

*Mayo*, 2002 WL 193393, at *3, *quoting Lax*, 1997 WL 461036, at *5. During the Class Period, the Inter-Local Pension Fund suffered a loss of approximately $170,151.17 as a consequence of its investments in Huron shares during the Class Period when the value of the shares declined as a result of the Defendants' misconduct.

Therefore, in light of the fact that it suffered the largest known losses and has the largest financial interest in the outcome of the litigation, the Inter-Local Pension Fund is the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff.

### c.    The Inter-Local Pension Fund Otherwise Satisfies Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation and filing a timely motion for appointment as lead plaintiff, the PSLRA also requires the lead plaintiff to "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) permits a party to serve as a class representative on behalf of all class members, if:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of these four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative and are relevant

considerations on a motion for appointment of lead plaintiff under the PSLRA. *See Takara Trust v. Molex Incorporated*, 229 F.R.D. 577, 580 (N.D. Ill. 2005); *Johnson*, 214 F.R.D. 225, at 228 ("In selecting the lead plaintiff under the PSLRA, [ ], typicality and adequacy of representation are the only relevant considerations."); *Lax*, 1997 WL 461036, at *6.

Thus, when determining which plaintiff is "most adequate" to represent the proposed class of Huron investors in the Actions, the Court should limit its inquiry to the typicality and adequacy components of Rule 23(a) and should reserve its examination of the other two requirements until the class certification stage. *In re Motorola Secs. Litig.*, No. 03 C 287, 2003 WL 21673928, at *3 (N.D.Ill. July 16, 2003); *Lax*, 1997 WL 461036, at *6. As demonstrated below, the Inter-Local Pension Fund meets both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff.

### (1) The Inter-Local Pension Fund Satisfies the Typicality Requirement

Rule 23(a)(3) requires the claims or defenses of the class representative to be typical of the claims or defenses of the class. Fed. R. Civ. P. 23(a)(3). Typicality exists where a plaintiff's claims are based on the same legal theories as the claims of the other class members and where the plaintiff's claims arise from the same series of events. *See Takara Trust*, 229 F.R.D. 577, at 580, *quoting De La Fuente v. Stokley-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983); *Mayo* at *4. Rule 23 does not require that the lead plaintiff's claims are identical to the claims of other class members. *See In re Motorola Secs. Litig.*, 2003 WL 21673928, at *3. Indeed, typicality can be found even where there are some factual distinctions between the claims of the lead plaintiff and the claims of other class members. *Id.*

Here, the Inter-Local Pension Fund's claims are clearly typical of the claims of other class members who suffered damages as a result of Huron's misconduct during the Class Period.

Like the other class members, the Inter-Local Pension Fund purchased or otherwise acquired its Huron shares at artificially inflated prices in reliance on Defendants' materially false and misleading statements and/or omissions relating to how the Company accounted for certain acquisition-related costs. Its claims arise from the same event or course of conduct that gives rise to the other proposed class members' claims, and the Inter-Local Pension Fund therefore meets the typicality requirement of Rule 23. *See Mayo* at *4.

### (2) The Inter-Local Pension Fund Satisfies the Adequacy Requirement

Under Rule 23(b)(4), the party representing the class must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy requirement will be met where a movant demonstrates that "(1) his claims are not antagonistic or in conflict with those of the class; (2) he has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) he is represented by competent, experienced counsel who [sic] be able to prosecute the litigation vigorously." *Johnson*, 214 F.R.D. 225, at 228-229. *See also, Takara Trust* at 580; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The Inter-Local Pension Fund has demonstrated its adequacy under the statute by retaining experienced counsel who are able to conduct this complex litigation in a highly competent and professional manner, and by submitting a Certification declaring its commitment to protect the interests of the class, be actively involved in prosecuting the case and oversee counsel. *See* Willis Decl., Exhibit B. Furthermore, its interests are clearly aligned with those of the class, and there is no evidence of any conflict between the Inter-Local Pension Fund and any other member of the proposed class. Having suffered significant losses as a result of the misconduct at Huron, the Inter-Local Pension Fund has a substantial financial interest in

prosecuting the Actions against all culpable parties and vigorously pursuing all avenues of recovery. Moreover, as explained more fully below, the Inter-Local Pension Fund has further demonstrated its adequacy through the selection of highly experienced counsel with notable skill and professionalism to represent the class. Therefore, the Inter-Local Pension Fund meets the adequacy requirement of Rule 23.

It deserves note that the appointment of the Inter-Local Pension Fund as Lead Plaintiff would also meet one of the primary legislative goals in enacting the PSLRA – namely, to encourage sophisticated institutional investors with large financial holdings to serve as lead plaintiffs in securities class actions. H.R. CONF. REP. 104-369, 1995 U.S.C.C.A.N. 730, 1995 WL 709276, *34 (Leg. Hist.) (Nov. 28, 1995) ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."); *In re Motorola Securities Litigation*, 2003 WL 21673928, at *3. Indeed, the Inter-Local Pension Fund is precisely the type of institutional entity that Congress intended to lead securities class actions when it enacted the PSLRA in 1995. *See Plymouth County Retirement System v. Carter's Inc.*, 08 CV 2940 (JOF), 2009 WL 692141, *1 (N.D.Ga. Mar. 13, 2009) ("The PSLRA, as a whole, favors institutional investors with large amounts at stake."); *In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001) (legislative intent behind the PSLRA was to encourage large institutional investors to serve as lead plaintiff).

## III.    The Court Should Approve the Inter-Local Pension Fund's Selection of Counsel

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." *See also, Taubenfeld*, 2004 WL 554810, at *5. In that regard, the Inter-Local Pension Fund has selected and retained

12

the law firm of Spector Roseman Kodroff & Willis, P.C. ("SRKW") to serve as lead counsel for the class and Jonathan Nachsin, P.C. to serve as liaison counsel for the class.  As abundantly illustrated in their firm biographies, both of these law firms have extensive experience in the areas of securities and class action litigation, and have successfully prosecuted numerous securities fraud actions and obtained excellent results on behalf of defrauded investors across the country and around the world.  *See* Willis Decl., Exhibits C and D.

SRKW's reputation for excellence has been recognized on numerous occasions by courts that have appointed the firm as lead counsel in major securities class actions.  *See, e.g. Ong v. Sears, Roebuck & Co.* No. 03 C 04142 (N.D. Ill.) (Pallmeyer, J.); *Welmon v. Chicago Bridge & Iron Co. N.V.*, No. 06 Civ. 1283 (JES) (S.D.N.Y.) (appointed co-lead counsel); *In re SCOR Holding (Switzerland) AG Litigation*, No. 04 Civ. 07897 (DLC) (S.D.N.Y.) (appointed co-lead counsel); *In re Alltel Shareholder Litigation*, C.A. No. 2975-CC (Chancery Ct. Del.) (appointed co-lead counsel); *Shore v. Ukropina (Pacific Enterprises, Inc.)*, Case No. BC047961 (Super. Ct. Cal.) (appointed lead counsel).   Further, SRKW and Jonathan Nachsin, P.C. have the skill and knowledge to enable them to prosecute the Actions effectively and expeditiously.

Accordingly, the court should approve the Inter-Local Pension Fund's selection of SRKW as Lead Counsel for the class and Jonathan Nachsin, P.C. as Liaison Counsel for the class.

## CONCLUSION

For all the foregoing reasons, the Inter-Local Pension Fund respectfully requests that this Court: (i) consolidate the Actions; (ii) appoint the Inter-Local Pension Fund as Lead Plaintiff in the Actions; (iii) approve the Inter-Local Pension Fund's selection of Spector Roseman Kodroff

& Willis, P.C. as Lead Counsel and Jonathan Nachsin, P.C. as Liaison Counsel for the class; and

(iv) grant such other relief as the Court may deem just and proper.


Dated: October 5, 2009                              Respectfully submitted,

                                                    **JONATHAN NACHSIN, P.C.**

                                                    By:___/s/ Jonathan Nachsin
                                                    Jonathan Nachsin, Esq.
                                                    105 West Adams Street
                                                    Suite 3000
                                                    Chicago, IL 60603
                                                    Tel: (312) 327-1777
                                                    Fax: (312) 431-1456

                                                    ***Designated Local Counsel and
                                                    Proposed Liaison Counsel***


                                                    **SPECTOR ROSEMAN KODROFF
                                                       & WILLIS, P.C.**
                                                    Mark S. Willis, Esq.
                                                    Mark Bogen, Esq.
                                                    1101 Pennsylvania Avenue, NW
                                                    Suite 600
                                                    Washington, DC 20004
                                                    Tel: (202) 756-3600
                                                    Fax: (202) 756-3602

                                                    **SPECTOR ROSEMAN KODROFF
                                                       & WILLIS, P.C.**
                                                    Robert M. Roseman, Esq.
                                                    Andrew D. Abramowitz, Esq.
                                                    1818 Market Street, Suite 2500
                                                    Philadelphia, PA 19103
                                                    Tel: (215) 496-0300
                                                    Fax: (215) 496-6611

                                                    ***Proposed Lead Counsel***