UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| JASON HUGHES, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>vs.<br><br>HURON CONSULTING GROUP INC., et al.,<br><br>                Defendants. | No. 1:09-cv-04734<br><br><u>CLASS ACTION</u><br><br>Judge Elaine E. Bucklo |
| DOROTHY DeANGELIS, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>vs.<br><br>HURON CONSULTING GROUP INC., et al.,<br><br>                Defendants. | No. 1:09-cv-04766<br><br><u>CLASS ACTION</u> |

[Caption continued on following page.]

MEMORANDUM OF LAW IN SUPPORT OF THE PENSION FUNDS' MOTION FOR
CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF
LEAD PLAINTIFF'S SELECTION OF LEAD AND LIAISON COUNSEL

| | |
|---|---|
| NOEL M. PARSONS, Individually and on Behalf of All Others Similarly Situated, )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>HURON CONSULTING GROUP INC., et al., )<br>)<br>Defendants. )<br>) | No. 1:09-cv-04791<br><br><u>CLASS ACTION</u> |
| ADAM LIEBMAN, Individually and on Behalf of All Others Similarly Situated, )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>HURON CONSULTING GROUP INC., et al., )<br>)<br>Defendants. )<br>) | No. 1:09-cv-04799<br><br><u>CLASS ACTION</u> |
| GARY AUSTIN, Individually and on Behalf of All Others Similarly Situated, )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>HURON CONSULTING GROUP INC., et al., )<br>)<br>Defendants. )<br>) | No. 1:09-cv-04842<br><br><u>CLASS ACTION</u> |

[Caption continued on following page.]

| | |
|---|---|
| GERALD TOBIN, Individually and on Behalf of All Others Similarly Situated, )<br>)<br>) | No. 1:09-cv-04859<br><br>CLASS ACTION |
| Plaintiff, )<br>) | |
| vs. )<br>) | |
| HURON CONSULTING GROUP INC., et al., )<br>) | |
| Defendants. )<br>) | |
| THOMAS FISHER, Individually and on Behalf of All Others Similarly Situated, )<br>)<br>) | No. 1:09-cv-05475<br><br>CLASS ACTION |
| Plaintiff, )<br>) | |
| vs. )<br>) | |
| HURON CONSULTING GROUP INC., et al., )<br>) | |
| Defendants. )<br>) | |

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..........................................................................................................1

II. FACTUAL BACKGROUND ........................................................................................2

III. ARGUMENT ..................................................................................................................3

    A. The Related Actions Should Be Consolidated for All Purposes .............................3

    B. The Pension Funds Should Be Appointed Lead Plaintiff .......................................4

        1. This Motion Is Timely ................................................................................5

        2. The Pension Funds Have the Largest Financial Interest in the Relief Sought by the Class .............................................................................5

        3. The Pension Funds Otherwise Satisfy Rule 23 of the Federal Rules of Civil Procedure .......................................................................................5

    C. The Court Should Approve the Pension Funds' Selection of Counsel ....................7

IV. CONCLUSION .............................................................................................................11

# TABLE OF AUTHORITIES

Page

**CASES**

*Austin v. Huron Consulting Group, Inc.*,
    No. 1:09-cv-04842 ..................................................................................................... 1

*Craig v. Sears Roebuck & Co.*,
    253 F. Supp. 2d 1046 (N.D. Ill. 2003) ......................................................................... 4

*De La Fuente v. Stokely-Van Camp, Inc.*,
    713 F.2d 225 (7th Cir. 1983) ........................................................................................ 6

*In re Cardinal Health Inc. Sec. Litig.*,
    528 F. Supp. 2d 752 (S.D. Ohio 2007) ......................................................................... 8

*In re Enron Corp. Sec.*,
    586 F. Supp. 2d 732 (S.D. Tex. 2008) .......................................................................... 8

*In re Motorola Sec. Litig.*,
    2003 U.S. Dist. LEXIS 12651 (N.D. Ill. 2003) ........................................................ 5, 6

*In re Relafen Antitrust Litig.*,
    231 F.R.D. 52 (D. Mass. 2005) .................................................................................... 9

*In re Telesphere Int'l Sec. Litig.*,
    753 F. Supp. 716 (N.D. Ill. 1990) ................................................................................ 8

*Makor Issues & Rights & Ltd. v. Tellabs, Inc.*,
    No. 02-4356 (N.D. Ill. 2002) ........................................................................................ 9

*Rosario v. Livaditis*,
    963 F.2d 1013 (7th Cir. 1992) ...................................................................................... 6

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007) ..................................................................................................... 9

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
    §78j(b) ...................................................................................................................... 1, 3
    §78t(a) ...................................................................................................................... 1, 3
    §78u-4(a)(1) ................................................................................................................. 4
    §78u-4(a)(3)(A) ............................................................................................................ 5
    §78u-4(a)(3)(A)(i) ........................................................................................................ 4
    §78u-4(a)(3)(B)(i) ........................................................................................................ 4
    §78u-4(a)(3)(B)(ii) .................................................................................................... 1, 2

 **Page**

§78u-4(a)(3)(B)(iii) ............................................................................................................. 2, 4
§78u-4(a)(3)(B)(iii)(I)(cc) ........................................................................................................ 5
§78u-4(a)(3)(B)(iii)(II)(aa) ....................................................................................................... 7
§78u-4(a)(3)(B)(v) ............................................................................................................... 2, 7
§78u-4(a)(6) .......................................................................................................................... 10

Federal Rules of Civil Procedure
    Rule 6(a)(3) ........................................................................................................................ 5
    Rule 23 ..................................................................................................................... *passim*
    Rule 23(a)(3)-(4) ....................................................................................................... 4, 5, 6
    Rule 42(a) .................................................................................................................. 1, 2, 3

17 C.F.R.
    §240.10b-5 ................................................................................................................... 1, 3

The National Roofing Industry Pension Plan and Building Trades United Pension Trust Fund (collectively, the "Pension Funds"), respectfully submit this memorandum of law in support of their motion for: (1) consolidation of the related actions pursuant to Fed. R. Civ. P. 42(a); (2) appointment as lead plaintiff in the above-referenced actions pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; and (3) approval of their selection of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as lead counsel and Miller Law LLC as liaison counsel for the class.

## I.     INTRODUCTION

There are seven related securities class action lawsuits (the "Related Actions") pending in this district brought on behalf of all persons who purchased or otherwise acquired the securities of Huron Consulting Group, Inc. ("Huron" or the "Company") between April 27, 2006 and July 31, 2009, inclusive (the "Class Period"), against Huron, certain of its officers and/or directors and Huron's auditor, PricewaterhouseCoopers LLP: *Hughes v. Huron Consulting Group, Inc.*, No. 1:09-cv-04734; *DeAngelis v. Huron Consulting Group, Inc.*, No. 1:09-cv-4766; *Parsons v. Huron Consulting Group, Inc.*, No. 1:09-cv-04791; *Liebman v. Huron Consulting Group, Inc.*, No. 1:09-cv-04799; *Austin v. Huron Consulting Group, Inc.*, No. 1:09-cv-04842; *Tobin v. Huron Consulting Group, Inc.*, No. 1:09-cv-04859; and *Fisher v. Huron Consulting Group, Inc.*, No. 1:09-cv-05475.[1] These Related Actions are brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("1934 Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5. The PSLRA requires courts to resolve consolidation prior to appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As soon as practicable after

---

[1]     On October 1, 2009, this Court found that the pending actions are related. *See* Docket #16.

its decision on consolidation, the court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *Id*.

Here, the Related Actions should be consolidated because they each involve substantially similar issues of law and fact. *See* Fed. R. Civ. P. 42(a). In addition, the Pension Funds should be appointed as lead plaintiff because they: (1) timely filed their motion; (2) to their counsel's knowledge, have the largest financial interest in the relief sought by the class; and (3) will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Finally, the Pension Funds' selection of Coughlin Stoia as lead counsel and Miller Law as liaison counsel for the class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.  FACTUAL BACKGROUND

Huron is a provider of financial and legal consulting services. The Company operates through four business segments: Health and Education Consulting, Accounting and Financial Consulting, Legal Consulting and Corporate Consulting. Huron was founded in 2002 by former partners of Arthur Andersen LLP, the accounting firm that collapsed in connection with its participation in the Enron Corporation accounting scandal. Huron grew substantially as a result of its acquisitions, acquiring seven companies from 2005 to 2008.

During the Class Period, defendants issued materially false and misleading statements regarding the Company's financial results and compliance with Generally Accepted Accounting Principles ("GAAP"). Specifically, the Company misaccounted for payments made as part of acquisitions. As a result of defendants' false and misleading statements, Huron stock traded at artificially inflated prices during the Class Period, reaching a high of $83.25 per share on December 26, 2007. This inflated stock price permitted Huron to raise $185 million in a secondary stock offering in February 2006 and to acquire seven businesses from 2005 to 2008.

On July 31, 2009, Huron announced that it would be restating its financial results from 2006 through 2008 and the first three months of 2009 due to its failure to properly account for earn-out payments made in connection with four of its acquisitions. As a result of the restatement, Huron expected to dramatically reduce its revenue reported for the period by 48% from $120 million on an aggregate basis to $63 million. The Company further announced that the SEC had commenced an inquiry into the Company's allocation of chargeable hours related to its recognition of revenue. The SEC's inquiry was unrelated to the acquisition accounting issue. Huron further withdrew its 2009 earnings guidance, lowered its 2009 revenue guidance and provided preliminary second-quarter revenue below analysts' expectations. Finally, Huron announced that its chairman and Chief Executive Officer, its Chief Financial Officer and Chief Accounting Officer had all resigned.

On this news, Huron's stock collapsed $30.66 per share to close at $13.69 per share on August 3, 2009, a 1-day decline of more than 69%, on volume of more than 32 million shares or over 114 times the average 3-month daily volume.

## III.   ARGUMENT

### A.   The Related Actions Should Be Consolidated for All Purposes

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ." Fed. R. Civ. P. 42(a). Here, the Related Actions all assert claims on behalf of purchasers of Huron securities for alleged violations of the 1934 Act during the Class Period. Each of the Related Actions names the Company and certain of its officers and/or directors as defendants and involves the same factual and legal issues, namely, whether plaintiffs purchased Huron securities at artificially inflated prices as a result of defendants' allegedly false and misleading statements, and whether defendants' conduct violates §§10(b) and 20(a) of the 1934 Act and SEC Rule 10b-5. And, the Court has reassigned all of the Related Actions to the same court.

*See* Docket #16.  Thus, the Related Actions should be consolidated.  *See generally Craig v. Sears Roebuck & Co.*, 253 F. Supp. 2d 1046, 1047 (N.D. Ill. 2003) (Bucklo, J.).

**B.      The Pension Funds Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).  First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint.  15 U.S.C. §78u-4(a)(3)(A)(i).  This notice advises class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff within 60 days of publication of the notice.  Here, notice was published on August 4, 2009, on *Business Wire* in connection with the filing of the first-filed action.  *See* Exhibit B attached to The Pension Funds' Motion for Consolidation, Appointment as Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead and Liaison Counsel ("Motion").

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

   (aa) has either filed the complaint or made a motion in response to a notice . . .;

   (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

   (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  The Pension Funds meet each of these requirements and should therefore be appointed as lead plaintiff.

### 1. This Motion Is Timely

The notice published in this action informed class members that the deadline to move for appointment as lead plaintiff was 60 days from August 4, 2009, or October 3, 2009. *See* Motion, Ex. B; 15 U.S.C. §78u-4(a)(3)(A). The Pension Funds have therefore timely filed their motion. *Id.*[2] In addition, the Pension Funds have submitted sworn certifications confirming their willingness and ability to serve as lead plaintiff. *See* Motion, Ex. C. Thus, the Pension Funds have complied with the PSLRA's first requirement and are entitled to be considered for appointment as lead plaintiff.

### 2. The Pension Funds Have the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, the Pension Funds lost $916,000 due to defendants' misconduct. *See* Motion, Exs. C, D. To the best of their counsel's knowledge, there are no other applicants who have sought appointment as lead plaintiff who have a larger financial interest. Therefore, the Pension Funds satisfy the PSLRA's prerequisite of having the largest financial interest.

### 3. The Pension Funds Otherwise Satisfy Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "In selecting the lead plaintiff under the PSLRA, however, typicality and adequacy of representation are the only relevant considerations." *In re Motorola Sec. Litig.*, 2003 U.S. Dist. LEXIS 12651, at *10 (N.D. Ill. 2003) (Pallmeyer, J.) (explaining that a "wide-ranging analysis of the Rule 23 factors should be left for consideration of a motion for class certification").

---

[2] Because the 60-day deadline falls on October 3, 2009, a Saturday, pursuant to Fed. R. Civ. P. 6(a)(3), October 5, 2009 is the next day that is not a Saturday or Sunday and this Motion is therefore timely filed.

Rule 23 of the Federal Rules of Civil Procedure requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4). Under Rule 23(a), claims are typical if they "'arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.'" *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) (citation omitted). Typicality exists even if there are some factual distinctions between the claims of the named plaintiff and those of other class members. *See De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). "To meet the adequacy requirement, the plaintiff must demonstrate that (1) his claims are not antagonistic or in conflict with those of the class; (2) he has sufficient interest in the outcome of the case to ensure zealous advocacy; (3) he is represented by competent, experienced counsel who will be able to prosecute the litigation vigorously." *Motorola*, 2003 U.S. Dist. LEXIS 12651, at *11.

Here, the Pension Funds satisfy the typicality requirement for purposes of selecting lead plaintiff because, like other class members, they (1) purchased Huron securities during the Class Period; (2) paid allegedly inflated prices because of claimed false and misleading statements by defendants; and (3) thereby suffered damages. Thus, the Pension Funds' claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

The Pension Funds each have prior experience serving as plaintiffs in shareholder litigation and are familiar with the obligations and fiduciary responsibilities owed to a class. *See* Motion, Ex. E, ¶¶2-3, 5. Prior to filing this Motion, the Pension Funds' representatives conferred with one another and decided to seek appointment as lead plaintiff jointly. *Id.*, ¶4. As institutional investors with prior experience serving as fiduciaries in shareholder litigation, the Pension Funds believe that

their combined knowledge, experience, sophistication and resources will enable the Pension Funds to adequately represent the class's interests. *Id.*, ¶5. The Pension Funds are actively overseeing this action and directing counsel. *Id.*, ¶¶7, 10. And, there is no evidence of antagonism or conflict between the Pension Funds and the class. *Id.*, ¶11. The Pension Funds' substantial loss further demonstrates that they have a sufficient interest in the outcome of the case to ensure zealous advocacy on behalf of the class. *See* Motion, Exs. C-D. Additionally, as explained below, the Pension Funds' proposed lead and liaison counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. The Pension Funds believe that all of these factors sufficiently evidence the Pension Funds' capacity and willingness to serve as lead plaintiff.

Thus, the Pension Funds satisfy the requirements of Fed. R. Civ. P. 23 for the purposes of this Motion.

### C. The Court Should Approve the Pension Funds' Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). The Pension Funds have selected Coughlin Stoia to serve as lead counsel and Miller Law LLC as liaison counsel.

Coughlin Stoia, a 190-lawyer firm with offices nationwide, is actively engaged in complex litigation, particularly securities litigation. *See* Motion, Ex. G. Coughlin Stoia's reputation for excellence has been repeatedly noted by district courts throughout the country and has resulted in the appointment of Coughlin Stoia attorneys to lead roles in hundreds of complex class action securities

cases.[3] In addition, Coughlin Stoia attorneys are responsible for attaining the largest securities fraud class action recovery ever, as well as the largest recoveries in the Fifth, Sixth and Eighth Circuits. *See In re Enron Corp. Sec.*, Case No. H-01-3624 (S.D. Tex.) (Harmon, J.) ($7.3 billion recovery for the class is largest in U.S. history and in the 5th Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, Case No. C2-04-00575 (S.D. Ohio) (Marbley, J.) ($600 million recovery for the class was, at the time, the 10th largest in U.S. history and is still the largest recovery ever in the 6th Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, Case No. 0:06-cv-01691 (D. Minn.) (Rosenbaum, J.) ($925 million recovery for the class and the 10th largest recovery in U.S. history).

The attorneys at Miller Law, a litigation boutique law firm in Chicago, have many decades of experience in complex civil litigation, including securities class actions, in this district. *See* Motion, Ex. F; *see also In re Bank One S'holders Class Actions*, Case No. 00-880 (N.D. Ill. 2000) (Marvin A. Miller appointed by the Court as liaison counsel to draft and file consolidated complaint). The skill and experience of Miller Law's attorneys has been recognized by numerous courts which have appointed the firm to leadership positions in complex securities litigation. Almost two decades ago, Judge Milton I. Shadur of this Court commented on Marvin Miller's skills and said that he is "an experienced securities law class action litigator and who also has 20 years [now 39 years] practice under his belt. This Court has seen the quality of that lawyer's work in other litigation, and it is first-rate." *In re Telesphere Int'l Sec. Litig.*, 753 F. Supp. 716, 719 (N.D. Ill. 1990) (Shadur, J.). Those

---

[3] Judge Melinda Harmon commented that the "experience, ability, and reputation of the attorneys of Coughlin Stoia is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country." *In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008). Similarly, Judge Algenon Marbley, in approving the $600 million recovery by Coughlin Stoia in *Cardinal Health*, noted that the "quality of representation in this case was superb." *In re Cardinal Health Inc. Sec. Litig.*, 528 F. Supp. 2d 752, 768 (S.D. Ohio 2007) (Lawyers with Coughlin Stoia are "nationally recognized leaders in complex securities class actions. The quality of the representation is demonstrated by the substantial benefit achieved for the Class and the efficient, effective prosecution and resolution of this action.").

same qualities continue and have been recognized by other courts in this district and across the country.[4]

In addition to their individual accomplishments, Coughlin Stoia and Miller Law's lawyers have been appointed to serve together as lead and liaison counsel in numerous securities fraud and other complex class actions in this district and by this Court. *See, e.g., Jones v. Corus Bankshares*, No. 09-1538 (N.D. Ill. 2009) (Bucklo, J.); *Plumbers and Steamfitters Local No. 7 Pension Fund v. Walgreen Co.*, No. 08-2162 (N.D. Ill. 2008) (Gottschall, J.); *Silverman v. Motorola, Inc.*, No. 07-4507 (N.D. Ill. 2007) (St. Eve, J.); *Takara Trust v. Molex Inc.*, No. 05-1245 (N.D. Ill. 2005) (Castillo, J.); *In re Ameriquest Mortgage Co. Mortgage Lending Practices Litig.*, No. 05-7097 (N.D. Ill. 2005) (Aspen, J.); *Roth v. OfficeMax Inc.*, No. 05-236 (N.D. Ill. 2005) (Gottschall, J.); *Jaffe v. Household Int'l, Inc.*, No. 02-5893 (N.D. Ill. 2002) (Guzman, J.).

*Household*, in particular, is but one example of how effectively the lawyers from Coughlin Stoia and Miller Law have successfully worked together to benefit classes of injured investors. Following Coughlin Stoia's appointment as lead counsel and Miller Law's appointment as liaison counsel, the firms defeated defendants' motions to dismiss and obtained certification of the class. For more than six years, Coughlin Stoia and Miller Law methodically prepared the *Household* case for trial, including taking more than 60 depositions and reviewing countless millions of pages of documentary evidence. Earlier this year, the firms' joint efforts yielded a plaintiffs' verdict. The

---

[4] *See In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 85 (D. Mass. 2005) (in granting final approval of $75 million settlement in which Miller served as co-lead counsel, the court noted that "Class counsel here exceeded my expectations in these respects [*i.e.*, experience, competence, and vigor] in every way"); *Jaffe v. Household Int'l, Inc.*, No. 02-5893 (N.D. Ill. 2002) (Miller Law approved as liaison counsel); *Makor Issues & Rights & Ltd. v. Tellabs, Inc.*, No. 02-4356 (N.D. Ill. 2002) (same); *In re Sears, Roebuck & Co. Sec. Litig.*, No. 02-7527 (N.D. Ill. 2002) (same). Most notably, the *Makor Issues* case was argued before the United States Supreme Court and created precedent for the pleading standard in securities cases. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007).

*Household* trial and favorable verdict demonstrates Coughlin Stoia's and Miller Law's willingness to commit the necessary resources to protect the interests of the class.

In sum, the experience, resources and synergies which Coughlin Stoia and Miller Law will bring to this action if appointed as lead and liaison counsel on behalf of the class will ensure the class' interests are responsibly and vigorously advanced.[5] Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Coughlin Stoia and Miller Law LLC. *See* Motion, Exs. F & G. Accordingly, the Pension Funds' selection of counsel should be approved.

---

[5]     The Pension Funds are aware that the PSLRA provides that "[t]otal attorneys' fees and expenses awarded by the court to counsel for the plaintiff class shall not exceed a reasonable percentage of the amount of any damages and prejudgment interest actually paid to the class." 15 U.S.C. §78u-4(a)(6). The Pension Funds have already taken steps to ensure that, if they are appointed lead plaintiff, any fee counsel may ultimately apply for in the event this action is successful will not only be a "reasonable percentage" as contemplated by the PSLRA but will be demonstrably less than the 25%-30% range typically awarded in securities class actions. *See* Motion, Ex. E, ¶10. The Pension Funds believe that the fee structure they negotiated with class counsel ensures that counsel are incentivized to obtain the maximum possible recovery for the class. The Pension Funds have arranged for counsel to submit the negotiated fee agreement *in camera* upon the Court's request.

## IV.　CONCLUSION

For the foregoing reasons, the Pension Funds respectfully request that the Court: (1) consolidate the Related Actions; (2) appoint the Pension Funds as Lead Plaintiff; and (3) approve their selection of Coughlin Stoia to serve as Lead Counsel and Miller Law LLC as Liaison Counsel for the class.

DATED:  October 5, 2009　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　MILLER LAW LLC
　　　　　　　　　　　　　　　　　　　　MARVIN A. MILLER
　　　　　　　　　　　　　　　　　　　　LORI A. FANNING


　　　　　　　　　　　　　　　　　　　　       s/ MARVIN A. MILLER
　　　　　　　　　　　　　　　　　　　　         MARVIN A. MILLER

　　　　　　　　　　　　　　　　　　　　115 S. LaSalle Street, Suite 2910
　　　　　　　　　　　　　　　　　　　　Chicago, IL  60603
　　　　　　　　　　　　　　　　　　　　Telephone:  312/332-3400
　　　　　　　　　　　　　　　　　　　　312/676-2676 (fax)

　　　　　　　　　　　　　　　　　　　　[Proposed] Liaison Counsel

　　　　　　　　　　　　　　　　　　　　COUGHLIN STOIA GELLER
　　　　　　　　　　　　　　　　　　　　   RUDMAN & ROBBINS LLP
　　　　　　　　　　　　　　　　　　　　DARREN J. ROBBINS
　　　　　　　　　　　　　　　　　　　　DEBRA J. WYMAN
　　　　　　　　　　　　　　　　　　　　DANIELLE S. MYERS
　　　　　　　　　　　　　　　　　　　　655 West Broadway, Suite 1900
　　　　　　　　　　　　　　　　　　　　San Diego, CA  92101-3301
　　　　　　　　　　　　　　　　　　　　Telephone:  619/231-1058
　　　　　　　　　　　　　　　　　　　　619/231-7423 (fax)

　　　　　　　　　　　　　　　　　　　　[Proposed] Lead Counsel for Plaintiffs

Document1

CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 5, 2009.

    s/ MARVIN A. MILLER
    MARVIN A. MILLER

    115 South LaSalle Street, Suite 2910
    Chicago, IL 60603
    Telephone:   312/332-3400
    312/676-2676  (fax)
    email:  mmiller@millerlawllc.com

# Mailing Information for a Case 1:09-cv-04734

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Patrick Vincent Dahlstrom**
  pdahlstrom@pomlaw.com

- **Leigh Robbin Handelman**
  lsmollar@pomlaw.com

- **Michael Thomas Layden**
  jharms@rjpltd.com,rlavko@rjpltd.com

- **Richard J. Prendergast**
  jharms@rjpltd.com,rlavko@rjpltd.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)