**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JASON HUGHES, Individually and on Behalf of all Others Similarly Situated, | Master File No. 09-CV-4734 |
| Plaintiffs, | Honorable Elaine E. Bucklo |
| v. | |
| HURON CONSULTING GROUP, INC., et al. | |
| Defendants. | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
(I) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND PLAN OF ALLOCATION AND (II) LEAD COUNSEL'S MOTION
FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF
LITIGATION EXPENSES**

Court-appointed Lead Plaintiffs, the Public School Teachers' Pension & Retirement Fund of Chicago, the Arkansas Public Employees Retirement System, the City of Boston Retirement Board, the Cambridge Retirement System, and the Bristol County Retirement System ("Lead Plaintiffs") and the undersigned Court-appointed Lead Counsel respectfully submit this reply memorandum of law in further support of (i) Lead Plaintiffs' motion for final approval of the proposed Settlement and the proposed Plan of Allocation of the net settlement proceeds and (ii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses, which includes the request of the Public School Teachers' Pension & Retirement Fund of Chicago ("Chicago Teachers") for an award of its reasonable costs and expenses pursuant to 15 U.S.C. § 78u-4(a)(4).[1]  Specifically, this reply is being submitted in order to update the Court about the Class's reaction now that the April 22, 2011 deadline for objections and exclusion requests has passed.

## PRELIMINARY STATEMENT

Lead Plaintiffs and Lead Counsel are pleased to advise the Court that there is ***not a single objection*** to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses (including Lead Plaintiff Chicago Teachers' application for an award of reasonable costs and expenses). Additionally, there have been only two requests for exclusion, neither of which was valid.

As set forth in the Affidavit of Jose C. Fraga Regarding (A) Mailing of the Notice and Proof of Claim; (B) Publication of the Summary Notice; and (C) Requests for Exclusion Received to Date, dated April 5, 2011 (ECF No. 138-1) (the "Fraga Mailing Affidavit"), the

---

[1]  Unless otherwise noted, capitalized terms shall have the meanings set out in the Stipulation of Settlement, dated January 18, 2011 (ECF No. 128).

Court-appointed Claims Administrator in this matter – The Garden City Group, Inc. ("GCG") – provided notice of the proposed Settlement in accordance with the directions set forth in the Court's Order for Notice and Hearing ("Notice Order"). *See* Fraga Mailing Affidavit at ¶¶ 2-8. As of April 1, 2011, a total of 57,736 copies of the Claim Packet – consisting of the Notice and the Proof of Claim form – had been mailed to potential Class Members and nominees. *Id*. at ¶ 5. In addition, the Summary Notice was published in *Investor's Business Daily* and released over the *PR Newswire* on February 16, 2011, in accordance with the Notice Order. *Id.* at ¶ 6.

The Notice set out the essential terms of the Settlement and informed potential Class Members of their rights to opt out of the Class or to object. *See* Notice attached as Exhibit A to the Fraga Mailing Affidavit. As stated in the Notice and directed by the Court in the Notice Order, (1) any objections to the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses (which the Notice stated might include a request for an award to Lead Plaintiffs for reimbursement of their reasonable costs and expenses); and (2) any requests for exclusion from the Class, were all required to be submitted so as to be received no later April 22, 2011. *Id.* at 2. That deadline has now passed. As set forth above, there are no objections to any aspect of the Settlement, the Plan of Allocation or to the request for an award of fees or expenses. *See* Declaration of Carol V. Gilden in Further Support of (I) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation and (II) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, dated April 29, 2011 ("Gilden Reply Decl."), at ¶ 2. Additionally, only two requests for exclusion, both of which are invalid because they failed to provide required transaction information, have been received. *See* Supplemental Affidavit of Jose C. Fraga Regarding Report on Requests for Exclusion, dated April 29, 2011 ("Supplemental Affidavit"),

Exhibit A, submitted herewith as Exhibit 1 to the Gilden Reply Decl.[2] This is a very favorable result, strongly reflecting the approval of the Class.

I.  **THE CLASS'S REACTION SUPPORTS APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION, AND THE REQUESTED ATTORNEYS' FEE AND EXPENSE AWARDS**

Lead Plaintiffs and Lead Counsel respectfully submit that their opening papers in support of the proposed Settlement, the proposed Plan of Allocation, the application for attorneys' fees and reimbursement of litigation expenses, and Lead Plaintiff Chicago Teachers' application for an award of reasonable costs and expenses, demonstrate why approval of each motion is warranted. Now that the time for objecting or requesting exclusion from the Class has passed, the reaction of the Class also clearly supports that conclusion. The fact that there are ***no*** objections and ***no*** valid requests for exclusion from the Settlement is a very strong indication that

---

[2]  The requests for exclusion received are each invalid for failing to report any, much less all of the transactional information required by the Notice (ECF No. 138-1 at ¶ 58) and the Notice Order (ECF No. 132 at ¶ 18). Thus, the settling parties have no basis for knowing if the requesters are even members of the Class. The information required by the Court's Notice Order is needed to establish first, that the requester is a Class Member, and then, based on the transactional information, to allow the settling parties to determine whether termination of the Settlement is permitted under the confidential Supplemental Stipulation pursuant to the criteria set forth therein that would trigger Defendants' right to cancel the Settlement. *See* Stipulation at ¶ 24 (ECF No. 128).

Lead Counsel advised both requesters of the invalidity of their requests in writing. *See* Gilden Reply Decl., Exhibit 2. Mr. Carrigan, an attorney, did not respond to Lead Counsel's letter. The Koch Companies Public Sector, LLC ("Koch") did respond, by letter dated April 1, 2011, in order to press its request for exclusion. *Id*. at Exhibit 3. However, the letter did not provide any transactional information, much less all of the required information, in order to cure the invalidity, citing "[i]t would take considerable time and expense to research company records to compile the information you state is required in order to be excluded from the settlement. We believe the opportunity costs of such an undertaking would exceed the value of any potential claim." In its letter, Koch also maintained that notwithstanding the Notice or the Notice Order, Fed. R. Civ. P. 23(c) allows any class member requesting exclusion to be excluded from a class. Lead Counsel respectfully submit to the Court, as was explained to Koch in a second letter, *id*. at Exhibit 4, that (1) Koch has not established that *its entities are* Class Members and (2) this Court set the procedures, in compliance with Rule 23, for opting out of this Settlement. Koch's request, which was never perfected to comply with the Court's Notice Order, remains invalid and Koch should not be allowed to opt out of the Class.

3

the Settlement is fair and in the best interests of the Class, that the proposed Plan of Allocation of the net proceeds of the Settlement is equitable, and that the attorneys' fee and expense requests are reasonable.

In considering approval of a proposed class action settlement, the reaction of the class is the third factor listed by the Seventh Circuit in *GE Capital Corp. v. Lease Resolution Corp*., 128 F.3d 1074, 1082 (7th Cir. 1997). "A favorable reception by the class is evidence of the fairness of a proposed settlement." *Great Neck Capital Appreciation Inv. P'ship, L.P. v. PricewaterhouseCoopers*, *L.L.P*., 212 F.R.D. 400, 410 (E.D. Wis. 2002). Courts are particularly inclined to approve a class action settlement where, as here, not a single objection is received. *See Retsky Family Ltd. Partnership v. Price Waterhouse LLP,* No. 97 C 7694, 2001 WL 1568856, at *3 (N.D. Ill. Dec. 10, 2001) ("The absence of objection to a proposed class settlement is evidence that the settlement is fair, reasonable and adequate."); *Goldsmith v. Tech. Solutions Co.*, No. 92 C 4374, 1995 WL 17009594, at *5 (N.D. Ill. Oct. 10, 1995) ("Not a single objection to the proposed Settlement has been received from any class member. . . . Such a positive response to the Settlement by the Class is strong evidence that the settlement is fair, reasonable, and adequate and should be approved."); *Maley v. Del. Global Techs. Corp.*, 186 F. Supp. 2d 358, 362 (S.D.N.Y. 2002) (that "not a single objection to the Settlement was received" and that there were very few requests for exclusion from the class was "strong evidence that the Settlement is fair, reasonable, and adequate").

With respect to approval of the proposed Plan of Allocation, courts give great weight to the opinion of experienced counsel. *See* Lead Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Final Approval of Class Action Settlement and Plan of Allocation, (ECF No. 135 at 16). However, the uniform approval of the Class here is additional strong

4

support for approval of the proposed Plan of Allocation. *See In re EVCI Career Coll. Holding Corp. Sec. Litig.*, No. 05 Civ. 10240 (CM), 2007 WL 2230177 at *11 (S.D.N.Y. July 27, 2007) (noting that courts should "consider the reaction of a class to a plan of allocation" and that, where no objections are received "the Plan of Allocation should be approved"); *Maley*, 186 F. Supp. 2d at 367 (finding that "the favorable reaction of the Class supports approval of the proposed Plan of Allocation" where "no Class member ha[d] objected to the Plan. . . .")

Finally, with respect to Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses (which included Chicago Teachers' application for reimbursement of its reasonable costs and expenses), in addition to the bases for approval set forth in Lead Counsel's opening memorandum and in the supporting declarations of Lead Counsel and the representatives of Lead Plaintiffs, the fact that there are **no objections** from Class Members to the requested attorneys' fees or expenses also strongly supports approval.

The reaction of class members to fee and expense requests "is entitled to great weight by the Court" and the absence of any objection "suggests that [a] fee request is fair and reasonable." *In re Veeco Instruments Inc. Sec. Litig.,* No. 05 MDL 01695 (CM), 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007). *See also In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-3400, 2010 WL 4537550, at *29, *31 (S.D.N.Y. Nov. 8, 2010) (noting the absence of any objections to lead counsel's fee and expense request or to lead plaintiffs' requests for expenses under the PSLRA, and finding that this "overwhelmingly positive response . . . attests to the approval of the Class"); *In re Lithotripsy Antitrust Litigation*, No. 98 C 8394, 2000 WL 765086, at *2 (N.D. Ill. June 12, 2000) (lack of objection to the attorneys' fees request was considered by court in approving request).

5

## **CONCLUSION**

For the reasons set forth herein and in Lead Plaintiffs' and Lead Counsel's initial memoranda of law, Lead Plaintiffs and Lead Counsel respectfully request that the Court approve the proposed Settlement as fair, reasonable and adequate, approve the proposed Plan of Allocation, and approve Lead Counsel's request for attorneys' fees and reimbursement of expenses and Lead Plaintiff Chicago Teachers' application for an award of reasonable costs and expenses.

Dated: April 29, 2011

**COHEN MILSTEIN SELLERS & TOLL PLLC**

By /s/ Carol V. Gilden
Carol V. Gilden
190 South LaSalle Street, Suite 1705
Chicago, Illinois 60603
Tel: (312) 357-0370
Fax: (312) 357-0369
cgilden@cohenmilstein.com
Illinois Bar No: 06185530

-and-

Steven J. Toll
Daniel S. Sommers
Matthew K. Handley
Joshua M. Kolsky
1100 New York Avenue
N.W. West Tower, Suite 500
Washington, DC 20005-3964
Tel: (202) 408-4600
Fax: (202) 408-4699

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
By /s/ Avi Josefson
Avi Josefson
Steven B. Singer
Jeroen van Kwawegan
1285 Avenue of the Americas, 38th Floor
New York, New York 10019

Tel: 212-554-1400
Fax: 212-554-1444

-and-

Avi Josefson
2835 N. Sheffield Avenue, Suite 409
Chicago, Illinois 60657
Tel: 773-883-5382

**LABATON SUCHAROW LLP**
By /s/ Jonathan M. Plasse
Jonathan M. Plasse
Javier Bleichmar
Nicole M. Zeiss
140 Broadway
New York, New York 10005
Tel: 212-907-0700
Fax: 212-883-7053

*Co-Lead Counsel for the Court-appointed Lead Plaintiffs and the Class*

**CERTIFICATE OF SERVICE**

      I, Carol V. Gilden, hereby certify that on this 29th day of April, 2011, in accordance with Federal Rule of Civil Procedure 5(a) and Northern District of Illinois L.R. 5.5 and 5.9, I caused a copy of the foregoing to be electronically filed with the Clerk of Court and served on all counsel of record through the Northern District of Illinois' CM/ECF system

          /s/ Carol V. Gilden
          Carol V. Gilden
          COHEN MILSTEIN
            SELLERS & TOLL PLLC
          190 South LaSalle Street, Suite 1705
          Chicago, IL 60603
          Tel.: (312) 357-0370
          Fax: (312) 357-0369