**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JASON HUGHES, Individually and on Behalf of all Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>HURON CONSULTING GROUP, INC., et al.<br><br>    Defendants | Master File No. 09-CV-4734<br><br>**JURY TRIAL DEMANDED**<br><br>**ECF CASE**<br><br>Honorable Elaine E. Bucklo |

**DECLARATION OF CAROL V. GILDEN IN FURTHER SUPPORT OF
(I) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND PLAN OF ALLOCATION AND
(II) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND
REIMBURSEMENT OF LITIGATION EXPENSES**

I, CAROL V. GILDEN, declare as follows:

1.    I am a member of the law firm of Cohen Milstein Sellers & Toll PLLC. I submit this reply declaration in further support of: (i) Lead Plaintiffs' motion for final approval of the proposed Settlement, final certification of the Class and approval of the Plan of Allocation; and (ii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses, and Lead Plaintiff Chicago Teachers' application for an award of its reasonable costs and expenses pursuant to 15 U.S.C. § 78u-4(a)(4).

2.    Lead Counsel have received no objections to any aspect of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement

of litigation expenses (including Lead Plaintiff Chicago Teachers' application for an award of its reasonable costs and expenses).

3. Annexed hereto as Exhibit 1 is a true and correct copy of the Supplemental Affidavit of Jose C. Fraga Regarding Report on Requests for Exclusion, dated April 29, 2011.

4. Annexed hereto as Exhibit 2 are true and correct copies of (a) the letter from Lead Counsel to Mr. Martin D. Carrigan, dated March 23, 2011; and (b) the letter from Lead Counsel to Mr. Raffaele G. Fazio, Esq., Deputy General Counsel Corporate and Commercial of Koch Companies Public Sector, LLC, dated March 25, 2011.

5. Annexed hereto as Exhibit 3 is a true and correct copy of the letter from Mr. Raffaele G. Fazio, Esq. to Lead Counsel, dated April 1, 2011.

6. Annexed hereto as Exhibit 4 is a true and correct copy of the letter from Lead Counsel to Mr. Raffaele G. Fazio, Esq., dated April 28, 2011.

I declare, under penalty of perjury, that the foregoing facts are true and correct.

Executed this 29th day of April, 2011

/s/ Carol V. Gilden
CAROL V. GILDEN

# Exhibit 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASON HUGHES, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>HURON CONSULTING GROUP INC., et al.<br><br>Defendants | Master File No. 09-CV-4734<br><br>Honorable Elaine E. Bucklo |

### SUPPLEMENTAL AFFIDAVIT OF JOSE C. FRAGA REGARDING REPORT ON REQUESTS FOR EXCLUSION

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NASSAU     )

I, Jose C. Fraga, declare:

1. I am a Senior Director of Operations of GCG, Inc. ("GCG"). Pursuant to the Court's Order for Notice and Hearing dated January 20, 2011 (the "Order for Notice and Hearing"), GCG was authorized to act as the Claims Administrator in connection with the settlement of the above-captioned action. I submit this affidavit to supplement my affidavit dated April 5, 2011 regarding exclusion requests received in connection with this Settlement.

2. As set forth in my earlier affidavit, paragraph 58 of the Notice of (I) Pendency and Proposed Settlement of Class Action; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Reimbursement of Litigation Expenses informed

potential Class Members that written requests for exclusion from the Class were to be sent, such that they were received no later than April 22, 2011, to Huron Consulting Group, Inc. Securities Litigation, Exclusions, c/o The Garden City Group, Inc., P.O. Box 9687, Dublin, OH 43017-4987. GCG has been monitoring all mail delivered to that Post Office Box.

3. As previously reported, as of April 5, 2011, GCG had received two (2) requests for exclusion. No additional requests for exclusion have been received. Attached hereto as Exhibit A are copies of the two requests for exclusion. In the interest of privacy, they have been redacted to remove any identifying information such as addresses, telephone numbers and account numbers, where applicable.

I, Jose Fraga, declare under penalty of perjury that the foregoing is true and correct.

_____
Jose Fraga

Sworn to before me this
29th day of April, 2011

_____
Notary Public

VANESSA M. VIGILANTE
Notary Public, State of New York
No. 01VI6143817
Qualified in Queens County
My Commission Expires 1-17-2014

# EXHIBIT A

# McKEAN and McKEAN
## ATTORNEYS AT LAW

ALAN R. McKEAN
PAMELA A. McKEAN

OF COUNSEL
MARTIN D. CARRIGAN

TELEPHONE

FAX

February 28, 2011

Huron Consulting Group, Inc.
Securities Litigation – EXCLUSIONS
c/o The Garden City Group, Inc.
P.O. Box 9687
Dublin, OH 43017-4987

RECEIVED
MAR - 2 2011
THE GARDEN CITY GROUP, INC.

Re: Exclusion, Martin D. Carrigan IRA FBO Martin D. Carrigan

To Whom It May Concern:

Exclude from the class and/or settlement class in Hughes, et al. v. Huron Consulting Group, Inc., et al, United States District Court, Northern District of Illinois, Eastern Division, Master File No. 09-CV-4734, (Honorable Elaine E. Bucklo) the following:

        Martin D. Carrigan, IRA, FBO Martin D. Carrigan

        Martin D. Carrigan, individually

Such person or entity above, Martin D. Carrigan, IRA, FBO Martin D. Carrigan; and Martin D. Carrigan, individually, "requests exclusion from the Class in *Huron Consulting Group, Inc Securities Litigation*, 09 Civ. 4734 (Honorable Elaine E. Bucklo)"

Very truly yours,

*[signatures]*

Martin D. Carrigan, Esq.

MDC:ch

# **KOCH**

KOCH COMPANIES PUBLIC SECTOR, LLC
Legal, Government, Public Affairs

Raffaele Fazio
*Deputy General Counsel*
*Corporate and Commercial*

March 17, 2011

**RECEIVED MAR 2 1 2011 THE GARDEN CITY GROUP, INC**

<u>Via USPS Certified Mail</u>
<u>Return Receipt Requested</u>

Huron Consulting Group, Inc. Securities Litigation
EXCLUSIONS
c/o The Garden City Group, Inc.
P.O. Box 9687
Dublin, OH 43017-4987

Re: *In re Huron Consulting Group Inc. Securities Litigation*
U.S. District Court, Northern District of Illinois, Eastern Division
Case No. 09-CV-4734

Dear Administrator:

I am counsel for Koch Companies Public Sector, LLC and represent the interests of Koch Industries, Inc. and affiliated companies including Koch Investments, L.P. ("Koch") in connection with the above-referenced class action settlement.

We are in receipt of the Notice of Pendency and Proposed Settlement of Class Action for the above-referenced matter that was sent to Koch Equity Arbitrage Partners, LLC, Koch Industries, Inc. and "Koch Investments." Please note that Koch Equity Arbitrage Partners, LLC was dissolved in July 2010.

To the extent Koch may qualify as a member of the class, this letter will serve as notification that Koch does not wish to participate in the Class Action. Therefore, this letter is Koch's formal written request to exclude (opt out) of the class. According to the notice requirements, self-exclusion requests are to be postmarked on or before April 22, 2011.

Very truly yours,

Raffaele G. Fazio
Deputy General Counsel -
Corporate & Commercial

INVISTA    FLINT HILLS    Georgia-Pacific    KOCH INDUSTRIES INC

# Exhibit 2

# Labaton Sucharow

Colin N. Holmes
Associate
212 907 0889 direct
212 883 7089 fax
cholmes@labaton.com

March 23, 2011

**VIA FIRST CLASS MAIL**

Mr. Martin D. Carrigan

Re: *In re Huron Consulting Group Inc. Securities Litigation*, 09-CV-4734

Dear Mr. Carrigan:

We received a copy of your letter requesting exclusion from the Settlement in the above-referenced matter, dated February 28, 2011. We have been unable to reach you by telephone and are writing to inform you that, as per the Court-authorized Notice of (I) Pendency and Proposed Settlement of Class Action; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), your request for exclusion is not valid and you will need to provide additional information by the exclusion deadline of April 22, 2011 in order to be excluded from the Class.

The Notice requires that:

> Each Request for Exclusion must: (i) state the name, address and telephone number of the person or entity requesting exclusion; (ii) state that such person or entity "requests exclusion from the Class in *Huron Consulting Group, Inc. Securities Litigation*, 09 Civ. 4734 (Honorable Elaine E. Bucklo)"; (iii) be signed by the person or entity requesting exclusion; and (iv) **provide the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Huron common stock during the Class Period.** See Notice at ¶ 58, emphasis added.

In your February 28, 2011 letter you did not provide any information as to the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Huron common stock during the Class Period. This information is required by the Court for an exclusion to be valid and necessary to ascertain whether you are a Class Member. *See* Notice at ¶ 58 ("Requests for exclusion will not be

# Labaton
# Sucharow

Mr. Martin D. Carrigan
March 23, 2011
Page 2

valid unless they are received within the time stated above and contain all the information noted above . . . .").

If you still would like to be excluded from the Class, please provide the Claims Administrator with the requested information **by April 22, 2011.** The information should be mailed to:

> *Huron Consulting Group, Inc. Securities Litigation*
> EXCLUSIONS
> c/o The Garden City Group, Inc.
> P.O. Box 9687
> Dublin, OH 43017-4987

Please keep in mind that a request for exclusion is only necessary if you desire to keep your rights to sue, continue to sue, or be part of a different lawsuit asserting the claims being released in this Settlement against the Defendants and the other Released Persons. Notice at ¶ 60. If you would simply like to be removed from the mailing list, the Claims Administrator can arrange that for you. Also, you will not receive a share of the Settlement unless you submit a Proof of Claim and Release form.

Please contact the Claims Administrator at 888-584-7632 or myself at 212-907-0889 if you would like to discuss this matter further.

Sincerely,

*[signature]*

Colin N. Holmes

# Labaton
# Sucharow

Colin N. Holmes
Associate
212 907 0889 direct
212 883 7089 fax
cholmes@labaton.com

March 25, 2011

**VIA FIRST CLASS MAIL**

Mr. Raffaele G. Fazio, Esq.
Koch Companies Public Sector, LLC

Re: *In re Huron Consulting Group Inc. Securities Litigation*, 09-CV-4734

Dear Mr. Fazio:

We received a copy of your letter, dated March 17, 2011, requesting exclusion on behalf of Koch Companies Public Sector, LLC from the Settlement in the above-referenced matter. We are writing to inform you that, as per the Court-authorized Notice of (I) Pendency and Proposed Settlement of Class Action; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), your request for exclusion is not valid and you will need to provide additional information by the exclusion deadline of April 22, 2011 in order to be excluded from the Class.

The Notice requires that:

> Each Request for Exclusion must: (i) state the name, address and telephone number of the person or entity requesting exclusion; (ii) state that such person or entity "requests exclusion from the Class in *Huron Consulting Group, Inc. Securities Litigation*, 09 Civ. 4734 (Honorable Elaine E. Bucklo)"; (iii) be signed by the person or entity requesting exclusion; and (iv) provide the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Huron common stock during the Class Period. *See* Notice at ¶ 58.

Please contact the Claims Administrator at 888-584-7632 or myself at 212-907-0889 if you would like to discuss this matter further.

Sincerely,

Colin N. Holmes

# Exhibit 3

# **KOCH**

KOCH COMPANIES PUBLIC SECTOR, LLC
Legal, Government, Public Affairs

**Raffaele Fazio**
*Deputy General Counsel*
*Corporate and Commercial*

April 1, 2011

<u>Via USPS Certified Mail</u>
<u>Return Receipt Requested</u>

Mr. Colin N. Holmes
Labaton Sucharow LLP
140 Broadway
New York City, NY 10005

Re: *In re Huron Consulting Group, Inc. Securities Litigation*
U.S. District Court, Northern District of Illinois, Eastern Division
Case No. 09-CV-4734

Dear Mr. Holmes:

We are in receipt of your letter dated March 25, 2011, indicating that Koch Companies Public Sector, LLC's request to exclude Koch Industries, Inc. and Koch Investments, LP (collectively, "Koch") from the above-referenced class action settlement (dated March 17, 2011) is not valid.

It would take considerable time and expense to research company records to compile the information you state is required in order to be excluded from the settlement. We believe the opportunity costs of such an undertaking would exceed the value of any potential claim. On that basis, Koch does not wish to participate in this class action settlement matter and therefore requests exclusion from it.

It is Koch's right to make an election to be excluded from this settlement matter, irrespective of whether or not class plaintiffs believe that Koch made any exchanges of the subject security during the class period. Rule 23 of the Federal Rules of Civil Procedure plainly states "that the court will exclude from the class any member who requests exclusion." F.R.C.P. 23 (c)(2)(v).

Very truly yours,

Raffaele G. Fazio
Deputy General Counsel - Corporate and Commercial

   

# Exhibit 4

# Labaton
# Sucharow

Colin N. Holmes
Associate
212 907 0889 direct
212 883 7089 fax
cholmes@labaton.com

April 28, 2011

VIA FIRST CLASS MAIL AND ELECTRONIC MAIL

Mr. Raffaele G. Fazio, Esq.
Koch Companies Public Sector, LLC

Re: *In re Huron Consulting Group Inc. Securities Litigation*, 09-CV-4734

Dear Mr. Fazio:

We received your letter, dated April 1, 2011, reiterating the request of Koch Companies Public Sector, LLC that certain Koch entities be excluded from the Class in the above-referenced matter even though the required transactional information has not been provided, purportedly because of the time and expense needed to compile the information.

As we advised you by letter dated March 25, 2011, in this class action, the Court-authorized Notice of (I) Pendency and Proposed Settlement of Class Action; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") requires exclusion requests to provide transactional information in order to be valid. The Court's order, pursuant to Fed. R. Civ. P. 23, preliminarily approving the settlement and notice procedures also requires this information. Accordingly, in this settlement, as in many others, it is not sufficient to simply request exclusion.

Although you have still not provided the required information, and we maintain that Koch's request is not valid, we will inform the Court of your continued request to be excluded.

Sincerely,

Colin N. Holmes