**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JASON HUGHES, Individually and on Behalf of all Others Similarly Situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>HURON CONSULTING GROUP INC., et al.<br><br>    Defendants. | Master File No. 09-CV-4734<br><br>Honorable Elaine E. Bucklo |

**ORDER AND FINAL JUDGMENT**

On the 6th day of May, 2011, a hearing having been held before this Court to determine, among other things: (a) whether the terms and conditions of the proposed settlement ("Settlement") of the above-captioned federal securities class action (the "Action") set forth in the Stipulation of Settlement dated January 18, 2011 (the "Stipulation"), are fair, reasonable and adequate, and should be approved by the Court; (b) whether an Order and Final Judgment as provided under the Stipulation should be entered dismissing the Action on the merits and with prejudice and releasing the Released Claims as against the Released Persons; (c) whether the terms and conditions of the issuance and distribution of the Settlement Shares pursuant to an exemption from registration requirements under Section 3(a)(10) of the Securities Act of 1933, 15 U.S.C. § 77c(a)(1), as amended (the "Securities Act") are fair to all persons to whom the shares will be distributed; (d) whether the proposed Plan of Allocation is fair and reasonable and should be approved by the Court; and (e) such other matters as the Court deemed appropriate;

The Court having considered all matters submitted to it at the hearing held on May 6, 2011 and otherwise;

It appearing that a Notice of (i) Pendency and Proposed Settlement of Class Action; (ii) Settlement Fairness Hearing; and (iii) Motion for Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice") and the Proof of Claim and Release form ("Proof of Claim"), in all material respects in the forms approved by the Court in the Order for Notice and Hearing dated January 20, 2011 (the "Order for Notice and Hearing"), was mailed to all persons and entities reasonably identifiable who purchased or otherwise acquired the common stock of Huron during the Class Period, except those persons and entities excluded from the definition of the Class; and

It appearing that a Summary Notice of (i) Pendency and Proposed Settlement of Class Action; (ii) Settlement Fairness Hearing; and (iii) Motion for Attorneys' Fees and Reimbursement of Litigation Expenses ("Summary Notice"), in all material respects in the form approved by the Court in the Order for Notice and Hearing, was published in the *Investor's Business Daily* and transmitted over the *PR Newswire*, and the Notice and Proof of Claim form were posted on Lead Counsel's respective websites as well as the website maintained for the Settlement, and

The Court having reviewed and considered the Stipulation, the proposed Plan of Allocation and all papers filed and proceedings held herein in connection with the Settlement, all oral and written

comments received regarding the proposed Settlement and the proposed Plan of Allocation, and the record in the Action, and good cause appearing therefor;

       NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

       1.     This Court has jurisdiction to enter this Order and Final Judgment. The Court has jurisdiction over the subject matter of the Action and over Lead Plaintiffs, all other Class Members and Defendants.

       2.     Unless otherwise defined herein, all capitalized terms used herein shall have the same meanings as set forth and defined in the Stipulation.

       3.     The Court reiterates its prior findings that, for purposes of the Settlement only, the prerequisites for a class action under Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class they seek to represent; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent the interests of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

       4.     Pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby reiterates its prior certification of the Action as a class action on behalf of all persons or entities who purchased or otherwise acquired Huron common stock between April 27, 2006 and July 31, 2009, inclusive, and who were damaged thereby (the "Class"). Excluded from the Class are the Defendants; the officers and directors of Huron during the Class Period; members of the immediate families and the legal representatives, heirs, successors or assigns of the individual defendants and the excluded Huron officers and directors, any entity in which any Defendant has or had a controlling interest, and The Holdren Family Trust. No timely and valid requests for exclusion from the Class were received.

       5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, the Court reiterates its certification of Lead Plaintiffs as Class Representatives and appointment of the law firms of Cohen Milstein Sellers & Toll PLLC, Bernstein Litowitz Berger & Grossmann LLP, and Labaton Sucharow LLP as Class Counsel.

6. The Court hereby finds that the distribution of the Notice and publication of the Summary Notice: (a) were implemented in accordance with the Order for Notice and Hearing; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of: (i) the pendency of the Action; (ii) the effect of the Settlement (including the releases provided for therein); (iii) the proposed Plan of Allocation; (iv) Lead Counsel's Fee and Expense Application; (v) their right to object to the Settlement, the proposed Plan of Allocation, and/or Lead Counsel's Fee and Expense Application; (vi) their right to exclude themselves from the Class; and (vii) their right to appear at the Settlement Fairness Hearing; (d) constituted due, adequate and sufficient notice to all persons and entities entitled to such notice; (e) fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), and all other applicable law and rules. A full opportunity has been offered to the Class Members to object to the proposed Settlement, the proposed Plan of Allocation, and the Fee and Expense Application, and to participate in the hearing thereon. Thus, it is hereby determined that all Class Members who did not timely and properly elect to exclude themselves by written communication in accordance with the requirements of the Notice and the Order for Notice and Hearing are bound by this Order and Final Judgment.

7. Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court finds that the Settlement is in all respects, fair, reasonable and adequate, and in the best interests of the Class. This Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the respective Parties. Accordingly, the Settlement is hereby approved in all respects, and Lead Plaintiffs and Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8. The Settlement Shares are to be issued solely in exchange for bona fide outstanding claims. All parties to whom it is proposed to issue such securities have had the right to appear at the hearing on the fairness of the Settlement, and adequate notice has been given to all such parties. The Court finds that issuance of the Settlement Shares pursuant to the terms of the Stipulation is fair to all persons who could receive such shares. The Court has been advised that the Settlement will be

issued and distributed by Huron to Authorized Claimants (and to Lead Counsel as may be awarded by the Court for attorneys' fees, but not in excess of one-third of the total number of Settlement Shares), pursuant to the exemption from registration provided by Section 3(a)(10) of the Securities Act, based on this Court's approval of the fairness of the Settlement. The Court approves the issuance of the Settlement Shares pursuant to the terms and conditions of the Stipulation.

9. The Complaint is hereby dismissed with prejudice and, except as provided in the Stipulation, without costs as against the Defendants.

10. Upon the Effective Date of the Settlement, Lead Plaintiffs and the other Class Members, on behalf of themselves and each of their agents, representatives, heirs, executors, administrators, predecessors, successors and assigns, shall be deemed by operation of law to have released, waived, discharged and dismissed each and every Released Claim as against the Released Persons, and shall forever be enjoined from prosecuting any or all of the Released Claims against any of the Released Persons.

11. Upon the Effective Date of the Settlement, each of the Defendants and each of the other Released Persons, on behalf of themselves and each of their agents, representatives, heirs, executors, administrators, predecessors, successors and assigns, shall be deemed by operation of law to have released, waived, discharged and dismissed each and every Released Defendants' Claim as against Lead Plaintiffs, each of the other Class Members, and each of their respective attorneys, and shall forever be enjoined from prosecuting any or all of the Released Defendants' Claims against Lead Plaintiffs, each of the other Class Members, and each of their respective attorneys.

12. The Court finds that all Parties to the Action and their counsel have complied in all respects with each requirement of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense, and settlement of the Action. The Court further finds that Lead Plaintiffs and Lead Counsel adequately represented the Class for purposes of entering into and implementing the Settlement.

13. Neither this Order and Final Judgment, the Stipulation, nor any of the negotiations, statements or proceedings connected with them shall be:

    (a) construed or deemed to be evidence of an admission or concession on the part of Lead Plaintiffs, the Defendants, any member of the Class, or any other person or entity, of any

liability or wrongdoing by them, or any of them, and shall not be offered or received in evidence in any action or proceeding (except an action to enforce the Stipulation and Settlement contemplated thereby), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Lead Plaintiffs, any member of the Class, or any other person or entity, has or has not suffered any damage, except that the Released Persons may file the Stipulation and/or this Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(b) construed against any of the Released Persons, Lead Plaintiffs or any other Class Members as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount which could be or would have been recovered after trial; or

(c) construed against Lead Plaintiffs or any other Class Members as an admission, concession, or presumption that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

14. The Court hereby finds that the proposed Plan of Allocation of the Net Settlement Fund, as set forth in the Notice, is in all respects, fair and reasonable, and the Court hereby approves the Plan of Allocation. The Court hereby finds that the formula for the calculation of the claims of Claimants that is set forth in the Notice provides a fair and reasonable basis upon which to allocate among Class Members the proceeds of the Settlement Fund established by the Stipulation, with due consideration having been given to administrative convenience and necessity. The parties to the Stipulation are hereby directed to consummate and perform its terms.

15. A separate order shall be entered to approve Lead Counsel's application for fees and reimbursement of costs and expenses as allowed by the Court. The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses. The effectiveness of this Order and Final Judgment and the obligations of the Parties under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Order and Final Judgment that

relates solely to the issue of the Plan of Allocation.

16. Exclusive jurisdiction (including ancillary jurisdiction) is hereby retained over the Parties and the Class Members, without affecting in any way the finality of this Order and Final Judgment, with respect to (a) administration, interpretation, implementation and enforcement of this Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) all matters relating to the Action; and (e) other matters related or ancillary to the foregoing.

17. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. In the event the Settlement is terminated or fails to become effective for any reason, then the Parties shall be deemed to have reverted to their respective litigation positions as of November 22, 2010 and, except as otherwise expressly provided in the Stipulation, the Parties shall proceed in all respects as if the Stipulation and any related orders (including this Order and Final Judgment) had not been entered.

19. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SIGNED this 6th day of May, 2011.

_____
THE HONORABLE ELAINE E. BUCKLO
UNITED STATES DISTRICT JUDGE