**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JASON HUGHES, Individually and on Behalf of all Others Similarly Situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>HURON CONSULTING GROUP INC., et al.<br><br>    Defendants. | Master File No. 09-CV-4734<br><br>JURY TRIAL DEMANDED<br><br>ECF CASE<br><br>Honorable Elaine E. Bucklo |

**ORDER GRANTING LEAD COUNSEL'S MOTION
FOR AN AWARD OF ATTORNEYS' FEES AND
<u>REIMBURSEMENT OF LITIGATION EXPENSES</u>**

On the 6th day of May, 2011, a hearing was held before this Court to determine whether and in what amount to award Lead Counsel fees and reimbursement of expenses. The Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation of Settlement dated January 18, 2011 (the "Stipulation"),

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    The Court has jurisdiction to enter this Order, and has jurisdiction over the subject matter of this Action and all parties thereto, including all Class Members.

2.    Notice of Lead Counsel's motion for attorneys' fees and reimbursement of expenses was given to all Class Members who could be identified with reasonable effort, and the

form and method of notifying the Class constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the motion and satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and the Private Securities Litigation Reform Act of 1995 (as codified at 15 U.S.C. §78u-4(a)(7)).

    3.    Lead Counsel are hereby awarded 16% of the Settlement Fund (which will be comprised of 16% of the Cash Settlement Fund and 16% of the Settlement Shares) in attorneys' fees, which sum the Court finds to be fair and reasonable, and $291,163.96 in reimbursement of expenses, plus interest thereon at the same rate and for the same period as earned by the Cash Settlement Fund, to be paid from the Cash Settlement Fund. The award of attorneys' fees shall be allocated among Lead Counsel in a fashion which, in the opinion of Lead Counsel, fairly compensates Lead Counsel for their respective contributions to the prosecution of the Action.

    4.    Co-Lead Plaintiff Public School Teachers' Pension & Retirement Fund of Chicago is hereby awarded $9,394.00. Such award is for reimbursement of this Co-Lead Plaintiff's reasonable costs and expenses directly related to its representation of the Class.

    5.    In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

        a.    The settlement has created a fund valued at approximately $38 million and from which numerous Class Members who submit acceptable Proofs of Claim will benefit;

    b.  Over 57,000 copies of the Notice were disseminated to putative Class Members stating that Lead Counsel were moving for attorneys' fees in the amount of sixteen percent (16%) of the Settlement Fund (*i.e.*, 16% of the Cash Settlement Fund and 16% of the Settlement Shares) and for reimbursement of expenses in an amount not to exceed $500,000 and no objections to the requested attorneys' fees and reimbursement of expenses or any other aspect of the proposed Settlement were filed;

    c.  Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

    d.  The action involves complex factual and legal issues and was actively prosecuted and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

    e.  Had Lead Counsel not achieved the Settlement there would remain a significant risk that the Class may have recovered less or nothing from the Defendants; and

    f.  Plaintiffs' Counsel have devoted over 9,200 hours, with a lodestar value of over $4,400,000, to achieve the Settlement.

  6.  Any appeal or any challenge affecting this Court's award of attorneys' fees and reimbursement of expenses (including the reimbursement of expenses of Co-Lead Plaintiff Public School Teachers' Pension & Retirement Fund of Chicago) shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

7.  The Court retains exclusive jurisdiction over the parties and the Class Members for all matters relating to this Action, including the administration and the distribution of the Settlement proceeds to the members of the Class.

8.  If the Settlement is terminated or does not become Final or the Effective Date does not occur pursuant to the terms of the Stipulation, this Order shall be rendered null and void to the extent provided by the Stipulation, and shall be vacated in accordance with the terms thereof.

9.  There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

Dated:  Chicago, Illinois

May 6, 2011

_____
Honorable Elaine E. Bucklo
UNITED STATES DISTRICT JUDGE