**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JASON HUGHES, Individually and on Behalf of all Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>HURON CONSULTING GROUP, INC., et al.,<br><br>    Defendants. | Master File No. 09-CV-4734<br><br>Honorable Elaine E. Bucklo |

**ORDER APPROVING DISTRIBUTION PLAN**

This matter comes before the Court on Lead Plaintiffs' Motion for Approval of Distribution Plan, made pursuant to Paragraph 13 of the Stipulation of Settlement (the "Stipulation") approved by this Court on May 6, 2011, which requires Lead Counsel to apply to the Court, on notice to Defendants' Counsel, for an order approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of claims, approving any fees and expenses of the Claims Administrator not previously applied for, and directing payment of the Net Settlement Fund to Authorized Claimants.

**NOW, THEREFORE**, upon review of Lead Plaintiffs' Motion for Approval of Distribution Plan and the accompanying Declaration of Jason Zuena in Support of Lead Plaintiffs' Motion for Approval of Distribution Plan ("Zuena Declaration") and memorandum of law, and upon all prior proceedings herein, and after due deliberation, the Court hereby finds and orders as follows:

1.  This Order incorporates by reference the definitions in the Stipulation and the Zuena Declaration and all terms used herein shall have the same meanings as set forth in the Stipulation and the Zuena Declaration.

2.  This Court has jurisdiction over the subject matter of the action and over all parties to the action, including all Class Members.

3.  Lead Plaintiffs' plan for distribution of the Net Settlement Fund to Authorized Claimants is **APPROVED**. Accordingly,

   a.  The administrative determinations of the Claims Administrator accepting the claims as indicated in the Zuena Declaration are approved, and said claims are accepted.

   b.  The administrative determinations of the Claims Administrator rejecting the claims as described in the Zuena Declaration are approved, and said claims are rejected.

   c.  The balance of the Settlement Fund and interest accrued thereon after deducting the payments previously allowed and set forth herein and after payment of any estimated taxes and the costs of preparing appropriate tax returns and any escrow fees (the "Net Settlement Fund") shall be distributed to the eligible claimants listed in Exhibits B-1 and B-2 to the Zuena Declaration in proportion to the Recognized Claim allocated to each such eligible claimant subject to the $10.00 minimum for payments as detailed in Paragraph 48 of the Zuena Declaration.

   d.  The cash payments to be distributed to the Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF

NOT CASHED BY [DATE 120 DAYS AFTER ISSUE DATE]." Lead Counsel and the Claims Administrator are authorized to take appropriate action to locate and/or contact any eligible claimant who has not cashed his, her, or its Distribution draft within said time as detailed in Paragraph 48(d) footnote 7 of the Zuena Declaration.

  e.  Authorized Claimants who do not cash their Distribution drafts within the time allotted or on the conditions set forth in Paragraph 48(d), footnote 7 of the Zuena Declaration shall irrevocably forfeit all cash recovery from the Settlement. The funds allocated to all such stale-dated drafts shall be available to be redistributed to other Authorized Claimants in any subsequent distributions. Similarly, Authorized Claimants who do not cash subsequent distributions within the time allotted or on the conditions set forth in Paragraph 48(d) footnote 7 of the Zuena Declaration shall irrevocably forfeit any further recovery from the cash Settlement proceeds.

  f.  GCG shall, in accordance with the provisions of the Stipulation, provide Huron and its counsel with instructions for Huron's transfer agent setting forth the number of Settlement Shares to be posted to the Authorized Claimants' accounts established on the Direct Registration System maintained by Depository Trust Company for each Authorized Claimant who is eligible to receive Settlement Shares, subject to the provision in the Plan of Allocation that, if the prorated payment from the Settlement Shares calculates to a fractional amount, the fractional portion will not be distributed. Authorized Claimants who did not provide the required information for such posting in their Proof of Claim or pursuant

3

to the follow up conducted by GCG as indicated on Exhibit B-4 of the Zuena Declaration have forfeited their right to any distribution of Settlement Shares.

      g.      If any cash remains in the Net Settlement Fund after the initial Distribution because of uncashed distributions or other reasons, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants cash their Distribution drafts, any cash balance remaining in the Net Settlement Fund one (1) year after the Distribution shall, if economically feasible, be redistributed to Authorized Claimants who have cashed their Distribution drafts and who would receive at least $10.00 from such redistribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution. If any cash shall remain in the Net Settlement Fund after such redistribution, additional redistributions to Authorized Claimants who have cashed their prior distribution drafts and who would receive at least $10.00 from such additional redistributions after deduction of any additional fees and expenses that would be incurred with respect to such redistributions shall occur thereafter in six-month intervals until Lead Counsel, in consultation with GCG, determine that a redistribution is not cost effective, at which time any otherwise valid late or late adjusted claims received after December 10, 2012 shall be paid in accordance with subparagraph i. below. If any cash shall remain in the Net Settlement Fund after payment of any such late or late adjusted claims, Lead Counsel shall donate the remaining cash balance to the following non-sectarian, not-for-profit, 501(c)(3)

organizations: Institute for Law and Economic Policy, the Chicago Bar Foundation, and inMotion.

  h.  All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they receive payment from the Net Settlement Fund, are barred from making any further claims against the Net Settlement Fund, Lead Plaintiffs, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Lead Plaintiffs or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund beyond the amounts allocated to Authorized Claimants.

  i.  No further Proofs of Claim may be accepted, and no further adjustments to Proofs of Claim may be made for any reason, after December 10, 2012, subject to the following exception. If claims are received or modified after December 10, 2012 that would have been eligible for payment or additional payment under the Court-approved Plan of Allocation had they been timely received, then, at the time that Lead Counsel and GCG agree that a redistribution is not cost effective as provided in subparagraph g. above, such claims may be paid the distribution amounts or additional distribution amounts on a *pro rata* basis that would bring them into parity with other Authorized Claimants who have cashed all their prior distributions to the extent possible.

      j.      Unless otherwise ordered by the Court, one year after the initial Distribution, GCG will destroy the paper copies of the Proofs of Claim and all supporting documentation and, three years after the initial Distribution or one year after all funds in the Net Settlement Fund have been distributed (whichever is later), GCG will destroy electronic copies of the same.

      k.      All of the fees and expenses incurred and to be incurred by GCG in connection with its administration of the Settlement are approved; Lead Counsel shall direct payment of $98,264.83 out of the Settlement Fund to GCG for the unpaid balance of such fees and expenses.

12.    This Court retains jurisdiction over any further application or matter that may arise in connection with this Action.

SIGNED this 3rd day of January, 2013

*Elaine E. Bucklo*
_____
**THE HONORABLE ELAINE BUCKLO**
**UNITED STATES DISTRICT JUDGE**